# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHERI and MURRAY SEROTA,
Husband and wife,
                Plaintiffs,

vs.

CARRIAGE HILLS CONDOMINIUM, INC.,

                Defendant.
_____/

## **COMPLAINT**

Plaintiffs, CHERI and MURRAY SEROTA (hereinafter "Plaintiffs") by and through undersigned counsel, hereby sue Defendant, CARRIAGE HIILS CONDOMINIUM, INC., ("Defendant") and allege:

1. This is an action at law and in equity against the Defendant, to addressed the depravation of rights, privileges, and immunities secured by the Federal Fair Housing Act, 42 U.S.C. §3604, 3613, and the Florida Fair Housing Act, Chapter 760.23, *et seq.,* Florida Statutes, and for unlawful denial of reasonable accommodations to Plaintiffs, disabled individuals.

2. This court has jurisdiction over this action pursuant to 42 U.S.C. §3613(a) and 28 U.S.C. §1331, 1343(a) and 2201-2202. Plaintiffs further invoke the supplemental jurisdiction of this court pursuant to 28 U.S.C. §1367 to address violations of Plaintiffs' rights under state law, which arise out of the same nucleus of operative facts and circumstances as Plaintiffs' Federal cause of action.

3. All of the acts and transgression giving rise to Plaintiffs' claim in this case occurred in the Southern District of Florida. Venue is therefore proper in this District pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

4. At all times material hereto, Plaintiff, Cheri Serota, was and is a resident of Broward County Florida, over the age of 18 years, *sui juris*, and an individuals with multiple physical impairments that substantially limit one or more major life activities, including but not limited to stroke disease, diabetes, and other severe health problems.

5. At all times material hereto, Plaintiff, Murray Serota, was and is a resident of Broward County Florida, over the age of 18 years, *sui juris*, and an individuals with physical impairments that substantially limit one or more major life activities, including but not limited to loss of hearing.

6. At all times hereto, Defendant, Carriage Hills Condominium, Inc., was and is a Florida condominium association, and a not for profit Florida corporation located and doing business in the City of Hollywood, Broward County, Florida.

## FACTS

7. At all times material hereto, Plaintiffs have resided in the Carriage Hills Condominium community, which is governed by the Defendant condominium association (the "Community").

8. In November 2008, Plaintiffs first moved in to the Community as renters. Plaintiffs executed a lease, which was approved by the condominium association, and which clearly indicates that Plaintiffs reside with service dogs (one for each Plaintiff, based on his/her

disabilities). At the request of Defendant, Plaintiffs submitted documentation from a medical professional, demonstrating that Plaintiffs' dogs are necessary service animals, and providing all necessary veterinary assurances that the animals are completely up to date and safe.

9. Defendant approved Plaintiffs' request to move into the property with their service animals. Plaintiffs subsequently renewed their lease over a period of several years, always living with the assistance of their service animals, with the full knowledge and consent of the condominium board. In January 2013, Plaintiffs purchased a unit in the Community. Defendant again requested documents demonstrating that Plaintiffs' dogs were service animals. That documentation was provided.

10. *<u>The Defendant has previously acknowledged, in writing, that Plaintiffs' dogs are medically necessary service animal</u>*.

11. In mid-2013, Defendant had a meeting at which it was decided that all dogs would be barred from the Community. Plaintiffs were instructed that their dogs would have to be verified as service animals. This instruction was given, even though Plaintiffs had already established this fact repeatedly, and Defendant had already previous acknowledged that Plaintiffs' dogs are medically necessary service animals.

12. Plaintiffs were instructed that until they ***<u>once again</u>*** prove that their dogs are service animals, the dogs could not go outside of Plaintiffs' own home or small yard. Plaintiffs would not be allowed to walk their dogs, would not be allowed to take their dogs onto any common area, and were thus themselves effectively barred from common areas.

13. Without delay, Plaintiffs immediately set out to ***<u>once again</u>*** show that their dogs are service animals. Plaintiffs wrote to Scott Shapiro, Esq. at the office of Defendant's counsel,

Glazer & Associates (Mr. Shapiro had been present at a board meeting and had previously discussed the service dog issue with Cherie Serota), explaining that Plaintiffs' dogs had already been approved as a service animal, and enclosing documentation and information in this regard. There was no response to that correspondence. In May 2013, Plaintiffs filled out a form obtained from the Defendant, requesting an exemption from the rule banning pets. Plaintiffs very specifically indicated a disability, provide documentation showing that the dog is a service animal, and requested that the animal continue to be recognized as a service animals. Defendant completely ignored this request.

14. After months of being ignored, in September 2013, Plaintiffs resubmitted their request, and resubmitted all reasonably necessary paperwork. Plaintiffs have also provided notice that in early 2013, Cherie Serota's service animal had saved her life. Mrs. Serota was suffering from a myocardial infarction, alone and helpless, when her service animal rushed to alert other and obtain help, saving her life.

15. After (i) receiving notice that the service animal had recently saved Mrs. Serota's life; (b) previously approving the service animals over a period of five previous years; (c) previously acknowledging in writing that the services animal are medically necessary; (d) taking delivery (twice) of all required form; and (e) taking delivery (on multiple occasions) of medical and other documentation demonstrating that the dogs are service animals, the Defendant thereafter responded to Plaintiffs through Glazer & Associates; that law firm demanded a litany of additional unnecessary and unreasonable information, and threatened to sue the Plaintiffs if they do not follow the association's rule on pets.

16. Plaintiffs intend to depose all of Defendant's attorneys involved in communicating with the Plaintiffs, all of whom are, at a minimum, material fact witnesses to Defendant's unlawful and discriminatory misconduct.

17. In light of the Defendant's conduct to date, it is abundantly clear that Defendant has no intention of ever approving Plaintiffs' request for accommodation. Plaintiffs have provided all reasonably necessary information, and have only asked that the Defendant continue to recognize facts that the Defendant has already previously acknowledged. Defendant has ignored, and delayed, and now inundates Plaintiffs with unreasonable requests and threats of litigation.

## COUNT I
## VIOLATION OF THE FEDERAL FAIR HOUSING ACT

18. Plaintiffs re-allege and incorporate Paragraphs 1 through 17 above, as though full set forth herein.

19. This is an action for both injunctive relief and damages pursuant to the Federal Fair Housing Act, 42 U.S.C. §3613, which provide for a civil action to remedy discrimination against disabled persons as prohibited by 42 U.S.C. §3604.

20. Pursuant to 46 U.S.C §3613, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award the Plaintiff actual and punitive damages, as well as injunctive relief.

21. Defendant's intentional retraction of its previously memorialized recognition that Plaintiffs' dogs are medically necessary service animals, accompanied by Defendant's refusal to exempt Plaintiffs' service animals from pet rules, refusal to allow Plaintiffs' service animals onto

5

any common elements, refusal to respond to requests for an exemption in a timely or reasonable fashion, and threats of litigation against Plaintiffs, are unlawful, discriminatory, and offensive.

22.     Plaintiffs seek a permanent injunction against Defendant requiring that it allow an exception to its pet policy, such that Plaintiffs may continue to reside on the property with their service animals, and may take their service animals anywhere within the Community, including all common elements.

23.     Defendant's conduct, as described more fully above, is intentional and malicious, and undertaken with reckless and wonton disregard for Plaintiffs' civil rights and health, causing Plaintiffs severe emotional and psychological stress and distress, and warranting an award of compensatory and punitive damages.

24.     Plaintiffs have retained the undersigned counsel to bring this action and are entitled to recover all reasonable attorney's fees and costs from Defendant pursuant (inter alia) to 42 U.S.C. §3613(c)(2).

WHEREFORE, Plaintiffs demands judgment against the Defendant for permanent injunctive relief, punitive and compensatory damages, attorney's fees and costs, along with pre-judgment interest, and all such other relief as this court deem just and equitable under the circumstances.

<u>**COUNT II**</u>
<u>**VIOLATION OF THE FLORIDA FAIR HOUSING ACT**</u>

25.     Plaintiffs re alleges paragraphs 1 through 17 and 21 above as though fully set forth herein.

26. This is an action for both injunctive relief and damages pursuant to the Florida Fair Housing Act, which provides for a civil action to remedy housing discrimination against disabled persons.

27. Pursuant to Chapter 760.35(2), Florida Statues, if this Court finds that a discriminatory housing practice has occurred, the court may award to the Plaintiffs actual and punitive damages, as well as injunctive relief.

28. Defendant's conduct as set forth within Paragraph 21, above, constitutes a discriminatory housing practice, in violation of the Florida Fair Housing Act.

29. Plaintiffs seek a permanent injunction against Defendant, requiring Defendant to make such accommodations as are necessary to provide full and equal access to Plaintiffs, including access for Plaintiffs, with their service animals, to all common elements.

30. Defendant's conduct, as described more fully above, is intentional and malicious, and undertaken with reckless and wonton disregard for Plaintiffs' civil rights and health, causing Plaintiffs severe emotional and psychological stress and distress, and warranting an award of compensatory and punitive damages.

31. Plaintiff has retained the undersigned counsel to bring this action and are entitled to recover their reasonable attorney's fees and costs from Defendant pursuant to Chapter 760.35(2), Florida Statutes.

WHEREFORE, Plaintiffs demands judgment against the Defendant for permanent injunctive relief, punitive and compensatory damages, attorney's fees and costs, along with pre-judgment interest, and all such other relief as this court deem just and equitable under the circumstances.

Dated this 6th Day of October, 2013.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
Attorneys for Plaintiff
1930 Harrison Street, Suite 502
Hollywood, Florida 33020
(954) 372-0985; (305) 397-1924 FAX
Primary E-mail: *Klein@nklegal.com*
Secondary E-mail: *mary@nklegal.com*

By: s/ Nolan Klein_____
**NOLAN K. KLEIN**
Florida Bar No. 647977